Guben, J.
delivered the opinion of the court.
A suit was brought by the plaintiff in error against the defendants, as administrators of Constant Scales, deceased, upon a writing obligatory éxecuted by their intestate in his lifetime. A judgment by default was taken, and the clerk by mistake entered the judgment against Dudley Dunn-and Littleton Henderson personally. An execution issued against them to be levied de bonis propriis. They filed a bill and obtained an injunction; but the injunction was dissolved and the bill dismissed for want of jurisdiction. A motion was then made in the court in which the judgment was rendered, at a subsequent term, to correct the mistake in entering up the judgment, so as to direct that it be against the defendants in their representative char-, acter, to be levied of the goods of their intestate in their hands to be administered. This motion was sustained, and the correction was made, upon which judgment the plaintiff appealed to this court.
It is not questioned but that a court of record can, at a subsequent term, correct any clerical error that may have intervened in its proceedings; nor is it contended that the judgment in this case was not a mistake of the clerk, which falls within the rule. But it is insisted that this correction cannot be made because, the defendants obtained an injunction in this cause, which, under the act of 1801, chap. 6, sec. 64, is a release of errors.
*580 That act provides, that “a judgment on confession at law, or filing an injunction in equity, shall be equal to a release of errors.”
The legislature, in this provision, do not mean to embrace such a case as the one before the court. For although a mistake of the clerk in some sense is an error, yet the law does not contemplate a prohibition upon a court to correct its own records. The object was, to prevent a party, under the circumstances, from prosecuting a writ of error. This is manifest, from the fact that a judgment on confession is also made a release of errors. The legislature intended to prohibit a party from taking a writ of error to reverse a judgment which he had himself confessed. But it cannot be supposed that it was intended, that the clerk, in entering up the judgment so confessed, should make a mistake, that such mistake was beyond the power of the court. Suppose A has a power of attorney from B to confess a judgment for five hundred dollars, and he comes into court, files the power of attorney, and confesses the judgment, and the clerk by mistake enters it up for five thousand dollars; would it be contended that the party in such case was remediless? And yet the argument would lead to such a result.
We think there is no error in the record, and affirm the judgment.